UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-22-16

UNITED STATES OF AMERICA,

v.

ENRIQUE SANTIAGO,

　　　　　　　Defendant.

15-cr-892

**OPINION**

　　Before the court is defendant Enrique Santiago's motion to dismiss the Information filed against him on December 30, 2015. Defendant is represented by lawyers from the Federal Defenders of New York. For the reasons that follow, the motion is denied.

**Background**

　　On May 11, 2015, the Internal Revenue Service ("IRS") mailed a collection notice to an apartment in the Bronx addressed to the defendant's nephew, Enrique A. Santiago. The notice stated that the nephew had unpaid taxes that needed to be paid immediately. However, the nephew no longer lived at that apartment and did not receive the notice. The defendant, on the other hand, did live at the apartment and did receive the notice.

1

The defendant mailed back the notice to the IRS. The defendant wrote notes on multiple pages of the notice, signing the notes as if they had been written by his nephew. The note on the front of the notice was littered with spelling errors and stated: "I do not live at this address any more so go fuck yourself [catch] me when you can I just [finished] getting a new [law]suit so if you can [catch] me get my money do so [any] way [you] can OK." The next page included a similar message with the addition of "suck my dick!" The last page had a picture of male genitals with the phrase "su[e] my Dick." The defendant also placed a white powdery substance in the envelope containing the notice.

On June 3, the IRS received the notice at an office located in Holtsville, New York. The IRS employee who opened the envelope and discovered the white powdery substance immediately became concerned for her safety and notified her supervisor. The mailroom was placed on administrative lockdown and approximately forty-three employees were quarantined for several hours. Eventually, the lockdown was lifted after police determined that the substance was non-hazardous.

On June 4, 2015, law enforcement officers interviewed defendant's nephew. The nephew told the officers that he no longer lived at the apartment to which the notice was sent but that the defendant did.

On August 7, 2015, law enforcement officers interviewed the defendant. The defendant admitted writing the notes, placing the substance in the envelope, and mailing the notice back to the IRS. He

further admitted that he knew that the substance would be perceived as harmful. Forensic testing on the envelope showed that the fingerprints on the envelope matched those of the defendant.

On September 10, 2015, the defendant was charged by complaint with one count of false information and hoaxes in violation of 18 U.S.C. § 1038(a)(1), which provides, in relevant part:

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [certain enumerated statues], shall [be subject to certain penalties].

The enumerated statutes cited in the complaint are 18 U.S.C. §§ 229(a)(1) and 2332a(a). Section 229(a)(1) provides, in relevant part:

> [I]t shall be unlawful for any person knowingly to develop, produce, otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own, possess, or use, or threaten to use, any chemical weapon.

Section 2332a(a) provides, in relevant part:

> A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction . . . (2) against any person or property within the United States, and . . . (A) the mail or any facility of interstate or foreign commerce is used in furtherance of the offense; . . . (3) against any property that is owned, leased or used by the United States or by any department or agency of the United States, whether the property is within or outside of the United States; . . . shall be [subject to certain penalties].

3

On December 30, 2015, the defendant waived indictment and was charged by Information with one count of false information and hoaxes as charged in the complaint and one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c). Section 876(c) provides, in relevant part:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing . . . any threat to injure the person of the addressee or of another, shall be [subject to certain penalties].

On January 15, 2016, defendant filed a motion to dismiss the Information.

**Discussion**

An Information is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against him. *United States v. Velastegui*, 199 F.3d 590, 592 (2d Cir. 1999); *United States v. Kramer*, 499 F. Supp. 2d 300, 305 (E.D.N.Y. 2007). The court is limited to the face of the Information and all the facts therein must be accepted as true. *Velastegui*, 199 F.3d at 592 n.2; *United States v. Blasius,* 230 F. Supp. 995, 997 (S.D.N.Y. 1964).

The dispute here centers on whether the Information states an offense. Defendant argues that the Information should be dismissed because the alleged conduct does not constitute the charged crime. Specifically, defendant argues that because the notice contained no

4

"threat," the elements of 18 U.S.C. § 876(c) cannot be met. Further, defendant argues that, because there was no false statement that an attack was occurring, the elements of 18 U.S.C. § 1038(a)(1) cannot be met.

Defendant's arguments are misplaced, as they relate to whether the Government can *prove* the elements of the alleged crimes, as opposed to whether the Information properly *alleges* the elements of the crimes. The only relevant question for the court with regard to the motion to dismiss is whether the Information properly alleges the elements of the crimes. Here, the Information does indeed properly allege the elements of the crimes. The Information alleges that on June 3, 2015, in the Southern District of New York, the defendant knowingly engaged in conduct intended to convey that a chemical attack was occurring. The Information further alleges that the defendant knowingly sent a threatening letter in the mail. In this Circuit, an Information need do little more than track the language of the statute and state the approximate time and place of the alleged crime. *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). Here, the Information tracks the statutes and provides the approximate date and location of the alleged crimes. Thus, the Information adequately alleges the elements of the crimes.

The court's inquiry stops here, because whether the Government can prove the elements of the alleged crimes is a question for the jury.

The Second Circuit has specifically found that whether a communication constitutes a threat under 18 U.S.C. § 876(c) is a question of fact to be decided by a jury. *United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994). In *United States v. Nieves*, No. 14-cr-275, 2014 WL 5090042, at *2 (S.D.N.Y. Oct. 10, 2014), this court rejected an argument identical to the one that the defendant is making here, writing that the "court need not, and should not, analyze the contents of the letter for purposes of dismissing the indictment." The same logic holds for 18 U.S.C. § 1038(a)(1); that is, it is a question for the jury whether a defendant engaged in conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that a chemical attack was occurring.

Thus, because the Information adequately alleges the elements of the crimes, and because the question of whether the Government can prove the elements of the crimes is a question for the jury, dismissal of the Information is inappropriate. [1]

---

[1] The court is also skeptical of defendant's interpretation of the relevant statutes. It certainly seems to the court that sending an envelope containing white powder along with a note reading "go fuck yourself," "[catch] me when you can," and "suck my dick" might be sufficient to constitute a "threat," 18 U.S.C. § 876(c), or "conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates" that a chemical attack was occurring, 18 U.S.C. § 1038(a)(1).

## Conclusion

Defendant's motion to dismiss is denied.  This opinion resolves the motion numbered 17 on the docket.


SO ORDERED.

Dated:  New York, New York
        February 22, 2016

_____
Thomas P. Griesa
U.S. District Judge