UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-11-16

UNITED STATES OF AMERICA,

v.

ENRIQUE SANTIAGO,

                Defendant.

15-cr-892

**OPINION**

      Before the court is defendant Enrique Santiago's motion for reconsideration of the court's February 22, 2016 order denying his motion to dismiss the Information filed against him on December 30, 2015. For the reasons that follow, the motion is denied.

**Background**

      For a full recitation of the facts, please see the court's February 22 order. In sum, defendant mailed back a notice to the IRS having written hostile and profanity-laced messages and having placed a white powdery substance in the envelope containing the notice.

      On September 10, 2015, defendant was charged by complaint with one count of false information and hoaxes in violation of 18 U.S.C. § 1038(a)(1), which provides, in relevant part:

1

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [certain enumerated statues], shall [be subject to certain penalties].

The enumerated statutes cited in the complaint are 18 U.S.C. §§ 229(a)(1) and 2332a(a). Section 229(a)(1) provides, in relevant part:

> [I]t shall be unlawful for any person knowingly to develop, produce, otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own, possess, or use, or threaten to use, any chemical weapon.

Section 2332a(a) provides, in relevant part:

> A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction . . . (2) against any person or property within the United States, and . . . (A) the mail or any facility of interstate or foreign commerce is used in furtherance of the offense; . . . (3) against any property that is owned, leased or used by the United States or by any department or agency of the United States, whether the property is within or outside of the United States; . . . shall be [subject to certain penalties].

On December 30, 2015, defendant waived indictment and was charged by Information with one count of false information and hoaxes as charged in the complaint and one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c). Section 876(c) provides, in relevant part:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with

>or without a name or designating mark subscribed thereto, addressed to any other person and containing . . . any threat to injure the person of the addressee or of another, shall be [subject to certain penalties].

On January 15, 2016, defendant filed a motion to dismiss the Information.  On February 22, 2016, the court denied defendant's motion to dismiss.  The court did so without reaching defendant's arguments as to why the Information failed to meet the elements of the crimes as a matter of law.  The court wrote that the Information sufficiently alleged the elements of the charged crimes by simply tracking the language of the statute and stating the approximate time and place of the alleged crime.  The court stated that the proper inquiry ended there, because the jury, not the court, needed to decide whether the Government proved the elements of the alleged crimes.

On March 7, 2016, defendant filed a motion for reconsideration of the court's February 22 denial of his motion to dismiss.

## Discussion

Defendant first takes issue with the procedural nature of the court's denial of his motion to dismiss.  Defendant points out that the Third and Sixth Circuits have concluded that, in similar contexts regarding threats, dismissal of the charging instrument for failure to meet the elements of the crime as a matter of law is appropriate.  *See United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013); *United States v. Alkhabaz*, 104 F.3d 1492, 1493 (6th Cir. 1997).  Defendant asks that the

court reconsider its February 22 opinion and address on the merits his argument that the alleged conduct in the Information does not meet the elements of the charged crimes as a matter of law.

While the court adheres to its prior opinion, it will now also clarify that, even on the merits, defendant's argument fails. Defendant maintains that, because the notice contained no false statement that an attack was occurring, the elements of 18 U.S.C. § 1038(a)(1) cannot be met. Defendant also claims that, because the notice contained no explicit threat, the elements of 18 U.S.C. § 876(c) cannot be met. However, despite defendant's contentions, the plain language of the statutes do not require an explicit reference to an attack or an explicit threat to harm.

With regard to the False Information and Hoaxes Act, 18 U.S.C. § 1038(a)(1), the statute requires that a defendant engage in conduct intended to convey false or misleading information that a chemical attack is taking place and that it is reasonable to believe that such an attack is taking place. Defendant notes that he did not write that an attack was occurring. But the False Information and Hoaxes Act does not require a defendant to make any explicit statements. Thus, defendant's focus on the lack of a false statement is misplaced. Importantly, the statute focuses on a defendant's *conduct.* Here, a jury could conclude that defendant's conduct—placing a white powdery substance into an envelope with a note containing the hostile messages—intended to

4

convey the false information that the envelope contained a dangerous chemical substance. In fact, defendant admitted that he knew that the substance would be perceived as harmful. Further, a jury could also conclude that it was reasonable for the IRS employee who opened the envelope to see the white powdery substance, read the notice, and believe that an attack was taking place. Thus, the Information alleges conduct that a jury could conclude violates the False Information and Hoaxes Act.

With regard to the threatening communications statute, 18 U.S.C. § 876(c), the Third Circuit has held that mailing an envelope containing a white powdery substance without any accompanying note can be a threat to injure under the statute. *United States v. Zavrel*, 384 F.3d 130, 137 (3d Cir. 2004). Here, there is the crucial fact that defendant sent an envelope containing a white powdery substance, as was the case in *Zavrel*. Moreover, this was accompanied by messages, which were obscenities rather than threats in and of themselves, but which were hostile in nature and reinforced the idea that the white powdery substance was threatening. Again, the Information alleges conduct that a jury could conclude violates the statute.

Simply put, defendant is incorrect that the alleged conduct in the Information does not meet the elements of the charged crimes as a matter of law. Therefore, it would be inappropriate for the court to dismiss the Information.

## Conclusion

Defendant's motion is denied. This opinion resolves the motion numbered 32 on the docket.

SO ORDERED.

Dated: New York, New York
       March 11, 2016

*Thomas P. Griesa*
Thomas P. Griesa
U.S. District Judge